UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUCIOUS GORDON                                              CIVIL ACTION

VERSUS                                                      NO. 04-1058

BURL CAIN, WARDEN                                           SECTION: "B"(1)

### ORDER AND REASONS

Petitioner, a state court prisoner, requests habeas corpus relief under 28 U.S.C. § 2254. For the following reasons, **IT IS ORDERED** that Petitioner's motion (Rec. Doc. No. 8) is hereby **DENIED**. Accordingly, the report and recommendation of the United States Magistrate Judge is adopted, overruling petitioner's objections.

### BACKGROUND

Petitioner seeks to hold the Governor of Louisiana and the Louisiana Department of Public Safety and Corrections liable for the alleged injuries he suffered because he was not evacuated from the Orleans Parish Prison before August 29, 2005, when the Orleans Parish Prison flooded as a result of Hurricane Katrina.

### LAW AND ANALYSIS

#### *Batson Claim*

Petitioner's claim that prosecutors illegally used peremptory challenges to exclude members of the petit jury based on race is unfounded. Claims of racial discrimination in jury selection must be analyzed pursuant to the three-step procedure established by the

United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79 (1986). The first step of the *Batson* analysis requires that the defendant present a prima facie showing of race as a basis upon which the prosecution is using its peremptory challenges. *Id.* at 86. If that necessary showing is made, the burden shifts to the prosecution to provide a race-neutral explanation for striking the juror in question. *Id.* If a race-neutral explanation is tendered, the trial court proceeds to the third step, where the burden again shifts to the defendant to prove purposeful discrimination. *Id.* It must be remembered that the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the defendant. *Purkett v. Elem*, 514 U.S. 765, 767 (1995).

    The trial court transcript provides sufficient evidence of race-neutral explanations tendered by the prosecution for the use of peremptory challenges. (Rec. Doc. 7 at 7-13). It has been held by the United States Supreme Court that reasons tendered by the prosecutor for use of peremptory challenges will be deemed race-neutral unless discriminatory intent is inherent in the prosecutor's explanation. *Purkett*, 514 U.S. at 768. In the current case, the prosecutor's explanations for his use of peremptory challenges have met this burden, and should be treated as race-neutral.[1]

    Furthermore, the petitioner has not offered any evidence to meet his burden of proving purposeful discrimination on the part

2

of[1] the prosecution. There is no indication that the prosecutor's explanations for the peremptory challenges were inconsistent with the treatment of similar non-minority jurors. The state court concluded that there was no discriminatory intent involved, and that determination is a factual finding. *See* 28 U.S.C. § 2254(d)(2).

Since the trial court's determination of the existence of discriminatory intent is an issue of fact, deference should be given to the trial judge's decision and it should only be overturned if it is clearly erroneous. *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003). Petitioner fails to provide evidence that the trial judge's decision was incorrect or objectively unreasonable in light of the evidence presented.

### *Evidentiary Issue*

The admissibility of evidence based on an improper chain of custody is a matter of state evidentiary law, and a failure in the chain of custody by itself does not normally rise to the level of constitutional deprivation. *See Taylor v. Maggio*, 581 F.Supp. 359, 365-366 (E.D. La. 1984), *appeal dismissed*, 727 F.2d 341 (5th Cir. 1984). The United States Fifth Circuit Court of Appeals stated:

> States have traditionally been afforded substantial latitude in fashioning their own rules of evidence and criminal procedure. Therefore, questions relating to the admissibility of evidence are matters of State

> law and generally do not give rise to
> constitutional errors which are subject to
> redress in Federal habeas corpus proceedings.

Id. The Fifth Circuit further held that habeas relief is not warranted in cases like this, unless erroneous evidentiary rulings cause a "denial of fundamental fairness" under the Due Process Clause. *See Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998). Furthermore, only when an error is made in the admission of prejudicial evidence on a critical issue in the defendant's conviction, will it be sufficient to violate due process and thus justify habeas relief. *See id.; see also Barefoot v. Estelle*, 697 F.2d 593, 597 (5th Cir. 1983), *aff'd* 463 U.S. 880 (1983).

Petitioner claims that a proper chain of custody was not established at trial, and thus the evidence was wrongly admitted. In Louisiana, failure to establish a chain of custody alone does not render evidence inadmissible. *See State v. Sam*, 412 So. 2d 1082, 1086 (La. 1982). The Louisiana Supreme Court noted:

> In order to introduce demonstrative evidence,
> it suffices if the foundation laid establishes
> that it is more probable than not that the
> object is the one connected with the case; the
> lack of positive identification or a defect in
> the chain of custody goes to the weight of the
> evidence rather than to its admissibility.

*Id.* Also, in Louisiana, chain of custody is a factual matter to be determined by the jury. *See id.*

At petitioner's trial, Officer Kevin Stamp testified that he "hand carried" the evidence in this case, including the heroin, "to

Central Evidence and Property in the New Orleans Police Department and placed all the items on the books as evidence." Criminalist Teresia Lamb testified that she tested the same evidence, and it tested positive for heroin. Petitioner contends that it was not established at trial how the substance was delivered to Lamb, or that it was the same substance brought by Stamp to the evidence room.

The evidence supports the jury's credibility choices regarding witnesses' testimony, as well as the chain of custody asserted by the State. Based on the testimony of Stamp and Lamb, the evidence was properly admitted. The foundation laid by the testimony of the two witnesses makes it more probable than not that the evidence admitted at trial is the same evidence that was collected during the petitioner's arrest. Also, the petitioner's assertions are not supported by any likelihood that the evidence collected was not what it was identified as at trial.

### *Ineffective Assistance of Counsel*

The United States Supreme Court held that counsel may deprive a defendant of his or her Sixth Amendment right to effective assistance by failing to render "adequate legal assistance". *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). The Supreme Court further stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot

be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The Supreme Court determined that in order for a petitioner to demonstrate that he received ineffective assistance from his counsel, he must show that his counsel's performance was deficient and that this deficient performance prejudiced his defense. *Id.* at 697. For an effective claim, both of these elements must be present. If a court finds that the petitioner has made an insufficient showing as to either of the two prongs of inquiry (deficient performance or actual prejudice), it may dispose of the claim without addressing the other prong. *Id.*

To prove deficiency of counsel, the petitioner must show that his attorney's performance fails to meet the constitutional minimum that is guaranteed by the Sixth Amendment. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). The inquiry as to the performance of counsel must be made with an objective standard of reasonableness, considering all the circumstances involved. *Strickland*, 466 U.S. at 689. Also, the petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

To prove prejudice to his defense, petitioner must show that there is a reasonable probability that, but for counsel's

6

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Additionally, as judicial scrutiny of an attorney's conduct must be highly deferential, the burden upon a petitioner is particularly heavy. See id. at 689.

A claim of ineffective assistance is a mixed question of law and fact. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied*, 538 U.S. 969 (2003). Accordingly, this Court must defer to the state court's decision on such claims, except where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner contends that the incidents leading to his arrest were videotaped by an unknown bystander. He claims that his counsel was ineffective in failing to investigate that lead, locate that unknown person, and procure that videotape for use at trial to prove that the state's witnesses lied. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Moawad v. Anderson*,

143 F.3d 942, 948 (5th Cir. 1998)(quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Moreover, such a petitioner must provide factual support for his allegations as to what further investigation would have revealed. *See Moawad*, 143 F.3d at 948.

Petitioner has not identified the alleged unknown bystander who videotaped the events leading up to his arrest, and he has not obtained a copy of the videotape or any other evidence as to what the videotape would have allegedly shown. As the petitioner has made an insufficient showing of deficient performance by counsel, it is not necessary for the court to entertain the merits of his claim of a prejudiced defense. The petitioner's third challenge should be dismissed.

### *Wrongful Adjudication as a Third Offender*

The state district court found Petitioner to be a third offender based on his prior convictions in 1986 for distribution of marijuana and in 1990 for possession of cocaine. Petitioner challenges that finding on three bases: (1) he contends that application of a ten-year "cleansing period" violated the *Ex Post Facto* Clause; (2) he contends that the state failed to prove the discharge dates with respect to predicate convictions; (3) he contends that there was insufficient evidence to establish the existence and constitutional validity of the predicate convictions.

In the petitioner's first challenge, he argues that applying the multiple offender law as it existed at the time of his most

recent offense rather than as it existed at the time of his prior offenses constituted a prohibited *ex post facto* application of the law. Courts have consistently rejected this argument and stated "[f]or the purposes of analyzing *ex post facto* implications of repeat offender statutes, the relevant offense is the current or latest Crime, not the predicate offenses." *Neal v. Kaylo*, No. 01-2211, 2001 WL 1195879, at *6-8 (E.D. La. Oct. 10, 2001). The Louisiana "cleansing period" was increased to ten years in 1995, thus petitioner's underlying 1998 offense occurred after the amendment was in effect and the law was not applied *ex post facto.*

The petitioner's second challenge is based on a misunderstanding of Louisiana law. In Louisiana, it is not required for the state to prove the discharge date in multiple offender proceedings if less than the "cleansing period" has elapsed between the defendant's predicate conviction and the current offense. *See id.* at *8. In the instant case, less than the applicable ten-year "cleansing period" elapsed between the 1990 conviction and the 1998 current offense. Therefore, no proof regarding the discharge date was required.

The petitioner's third challenge regarding the sufficiency of the evidence is also without merit. In the multiple offender proceedings, petitioner conceded the existence of two prior convictions and he affirmed that those prior convictions related to him. However, petitioner now argues that the state failed to prove

that he was properly advised of his rights as required by *Boykin v. Alabama*, 395 U.S. 238 (1969). The United States Supreme Court has held that:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County District Attorney v. Cross*, 532 U.S. 394, 403 (2001). Accordingly, the petitioner's third challenge is barred.

Therefore, the instant § 2254 petition is **DENIED.**

New Orleans, Louisiana, this 29th day of November, 2006.

　　　　　　　　　　　　　　　　　　IVAN L.R. LEMELLE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE